**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Geoffrey VON KINDER, Defendant–
Appellant.**

No. 07–30356.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2010.

Filed Nov. 10, 2010.

Edward Eric Zink, Esquire, Special Assistant U.S., USBI–Office of The U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jack E. Sands, Esquire, Billings, MT, for Defendant–Appellant.

Before: THOMAS and M. SMITH, Circuit Judges, and EZRA, District Judge.*

MEMORANDUM **

Geoffrey Von Kinder appeals his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Kinder argues on appeal that the district court erred in determining under the modified categorical approach that his prior conviction for burglary of a cabin was a "crime of violence" supporting a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A). Specifically, Kinder contests the district court's conclusion that the cabin burglarized was a dwelling as defined by U.S.S.G. § 4B1.2(a)(2).

We conclude that the Information and Sentencing Order from Kinder's prior conviction for burglary were sufficient for a finding under the modified categorical approach that the structure burglarized was a dwelling. *United States v. Bonat*, 106 F.3d 1472, 1476 (9th Cir.1997) ("We have previously decided that in determining if a defendant pled guilty to generic burglary, considering the indictment and the judgment of conviction does not constitute a

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

factual inquiry forbidden by *Taylor* [*v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) ]." (citing *United States v. O'Neal*, 937 F.2d 1369, 1373 (9th Cir.1991), *superseded by statute on other grounds as recognized in United States v. Huffhines*, 967 F.2d 314, 321 (9th Cir.1992))). Accordingly, Kinder's past conviction qualified as a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A), and the district court did not err in applying a base offense level of 20 to Kinder's sentence.

**AFFIRMED.**